IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTURO MEDRANO, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-1392-B |
| ) | |
| LORIE DAVIS, Director TDCJ-CID ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for continuous sexual abuse of a child under fourteen years of age. *State of Texas v. Arturo Medrano*, No. F-1034786-S (282nd Dist. Ct., Dallas County, Tex., Nov. 1, 2013). After a jury found him guilty of the offense, Petitioner entered a plea agreement and was sentenced to twenty-five years in prison.

On March 4, 2014, the Fifth District Court of Appeals dismissed Petitioner's appeal for want of jurisdiction. *Medrano v. State*, No. 05-14-00129-CR, 2014 WL 1018620 (Tex. App. – Dallas, 2014, no pet.). Petitioner did not file a petition for discretionary review.

On May 29, 2014, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Medrano*, Application No. 82,696-01. On August 26, 2015, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing. On February 14, 2016, Petitioner filed a second state habeas petition. *Ex parte Medrano*, No. 82,696-02. On September 21, 2016, the Court of Criminal Appeals denied in part, and dismissed in part, without a hearing. *Ex parte Medrano*, No. 82,696-02, 2016 WL 5118350.

On May 15, 2016, Petitioner filed this federal petition. He argues:

1. He received ineffective assistance when trial counsel failed to investigate and prepare a defense on his behalf to challenge the indictment;

2. His plea was involuntary because during the punishment phase counsel did not explain that his minimum sentence would be twenty-five years in prison, and he would be ineligible for parole;

3. He received ineffective assistance when trial counsel failed to communicate his appellate options, thereby depriving him of his right to appeal;

4. He received ineffective assistance when counsel failed to file a motion to quash the indictment;

5. He received ineffective assistance when trial counsel failed to inform him that the State had made a plea offer to a reduced charge;

6. He received ineffective assistance when trial counsel at the punishment phase of trial failed to tell him that the sentence would have to be served "day for day, without the possibility of parole";

7. The trial court imposed an unlawful sentence because it had no authority to impose the sentence;

8. Section 508.145(a) of the state Government Code, which denies parole to a person convicted of continuous sexual abuse of a child, is unconstitutional because it deprives the defendant of a fundamental right; and

9. Section 508.145(a) of the state Government Code violates the separation of powers doctrine because it deprives the defendant of his constitutional right to parole guaranteed by Article IV, § 11(a), of the Texas Constitution.

On January 9, 2017, Respondent filed her answer. On March 6, 2017, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Discussion

**1.  Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>   (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.    Procedural Bar**

Respondent argues that a number of Petitioner's claims are procedurally barred. Respondent states some of the claims are barred because Petitioner failed to raise the claims in state court, while other claims are barred because, although raised in state court, the court denied the claims as procedurally defaulted.

**(A)    Failed to Raise Claims in State Court**

The Court finds Petitioner failed to raise the following claims in state court: (1) counsel failed to investigate the indictment; and (2) counsel failed to advise Petitioner regarding his appellate rights.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise these claims in either a petition for discretionary review or his state habeas petition. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. If this Court were to require Petitioner to return to state

court to exhaust these claims, they would be subject to dismissal because it is too late for Petitioner to file a petition for discretionary review and a state habeas petition would be subject to an abuse-of-the-writ dismissal.

**(B)     Procedurally Defaulted Claims**

Respondent argues the state habeas court dismissed the following claims as subsequent: (1) Petitioner's plea was involuntary because during the punishment phase counsel did not explain that his minimum sentence would be twenty-five years in prison, and he would be ineligible for parole; (2) Petitioner received ineffective assistance when counsel failed to file a motion to quash the indictment; (3) Petitioner received ineffective assistance when trial counsel at the punishment phase of trial failed to tell him that the sentence would have to be served "day for day, without the possibility of parole"; (4) The trial court imposed an unlawful sentence because it had no authority to impose the sentence; (5) Section 508.145(a) of the state Government Code, which denies parole a person convicted of continuous sexual abuse of a child, is unconstitutional because it deprives the defendant of a fundamental right; and (6) Section 508.145(a) of the state Government Code violates the separation of powers doctrine because it deprives the defendant of his constitutional right to parole guaranteed by Article IV, § 11(a), of the Texas Constitution.  Although Petitioner raised these claims in his second state habeas petition, the state court found the claims procedurally barred because they were filed in a subsequent petition.  (ECF No. 21-19.)

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will

result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750).  Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327).  Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him.  Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

### 3. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)   Plea Offer**

Petitioner claims his counsel was ineffective when counsel failed to inform him of a plea offer of a lesser charge and a fifteen-year sentence. On state habeas review, Petitioner's attorney submitted two affidavits in which he recalled an offer of fifteen years on a lesser charge. (ECF No. 21-18 at 59, 68.) Counsel stated he presented this offer to Petitioner, but that Petitioner rejected the offer. (*Id*. at 68.) The first lead prosecutor on the case, Amy Derrick, submitted an

affidavit stating that she offered Petitioner a plea bargain of twenty-five years in prison, but did not make any other offers. (*Id*. at 74.) The record also contains the written twenty-five year plea offer. (*Id*. at 60.) The second lead prosecutor, Shelley Fox, submitted an affidavit stating she did not recall making an offer of fifteen years, and she did not believe she would have made such an offer. (*Id*. at 72-73.) The state habeas court found that the State had not offered Petitioner a plea bargain for a lesser offense, and had not offered a prison term of fifteen years. (*Id*. at 83-84.) Although there was a discrepancy in the affidavits, Petitioner has failed to show that the state court's decision to deny relief on this claim was unreasonable or was contrary to clearly established federal law.

**(B)    Investigation**

To the extent that Petitioner raises a general claim of failing to adequately investigate or prepare a defense, the claim is without merit. To establish that counsel was ineffective for failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Petitioner makes only the conclusory statement that his counsel failed to investigate or prepare a defense. The claims should be denied.

**4.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 24th day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).